IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ABBIE SANDERS**                                                                                       **PLAINTIFF**

v.                                                                    CIVIL ACTION NO.: 3:23-cv-238-TSL-RPM

**MISSISSIPPI ASTHMA AND ALLERGY CLINIC, P.A.**                        **DEFENDANT**

COMPLAINT
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Abbie Sanders, by and through counsel, Watson & Norris, PLLC, brings this action against Mississippi Asthma and Allergy Clinic, P.A., to recover damages for violations of her rights under the Family and Medical Leave Act of 1993, as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA interference in the terms and conditions of her employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Abbie Sanders, is an adult female resident of Rankin County, Mississippi. Plaintiff is an eligible employee as currently defined by the FMLA.

2.      Defendant, Mississippi Asthma and Allergy Clinic, P.A., is a Mississippi corporation that may be served with process by serving its registered agent: James Haltom, 1513 Lakeland Drive, Suite 101, Jackson, Mississippi 39216. Defendant was Plaintiff's employer and is a covered entity as defined by the FMLA.

**JURISDICTION AND VENUE**

3.      This action arises under the Family and Medical Leave Act of 1993, as amended.

4.      This Court has federal question jurisdiction for actions that arise under the

FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## **STATEMENT OF FACTS**

6. Plaintiff is a 24-year-old female resident of Rankin County, Mississippi.

7. Plaintiff was hired on August 2, 2021, as a Receptionist at Mississippi Asthma and Allergy Clinic, P.A. (MAAC).

8. Plaintiff worked at MAAC's Jackson's office.

9. MAAC has over 50 employees within a 75-mile radius of Plaintiff's worksite, and Plaintiff worked over 1250 hours during the 12 months prior to her termination.

10. On January 24, 2023, Creed Cannon, who is the Practice Administrator for MAAC, sent Plaintiff and two other receptionists an e-mail adopting a three-strike policy for unexcused absences.

11. Mr. Cannon explained that the purpose of this policy was to encourage better attendance by receptionist.

12. On February 3, 2023, while Plaintiff' truck was parked in the lot at her work facility in the City of Jackson, it was broken into and Plaintiff' prescribed medications for anxiety were stolen.

13. In order to get a refill of her anxiety medication, on February 8, 2023, Plaintiff attended a medical appointment with Psychiatrist Dr. Andrew Bishop.

14. At that time, Dr. Bishop took Plaintiff off work so that she could restart her anxiety medications and get regulated to having the medications in her system.

15. Dr. Bishop indicated that Plaintiff could return to work on February 21, 2023.

16. Before Plaintiff could return to work, however, on February 20, 2023, Practice Administrator Creed Cannon informed Plaintiff that she was terminated, allegedly due to her "inability to consistently be present…"

17. On February 21, 2023, Plaintiff went back to the office to retrieve her personal belongings and to retrieve her termination letter.

18. Plaintiff was never given a strike or informed that she was terminated for violating the three-strike policy Mr. Cannon implemented.

19. Dr. Adkins saw Plaintiff in the hall talking to Teresa Blakely, who was employed as a nurse.

20. Dr. Adkins asked Plaintiff why she was crying, and Plaintiff explained she was terminated.

21. Dr. Adkins then had Plaintiff come into his office so they could discuss issue.

22. When Plaintiff explained why she had been terminated Dr. Adkins responded that it was illegal from his point of view.

23. Dr. Adkins asked Plaintiff to get him all her relevant records from the psychiatrist so he and Dr. Wilhelm could review them.

24. On February 22, 2023, Plaintiff brought her son to MAAC to get an allergy shot.

25. After her son received his shot Plaintiff took her medical records to Dr. Wilhelm.

26. Dr. Adkins and Dr. Wilhelm then went to Mr. Cannon's office to ask him to reconsider Plaintiff's termination.

27. Dr. Wilhelm requested that Mr. Cannon review the alleged days off as Plaintiff had informed them that they were not correct, and that Plaintiff was looking to hire an attorney.

28. Mr. Cannon responded that he has already spoken with an attorney, and that they had it handled if she could find an attorney to represent her.

## CAUSE OF ACTION

## COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

29. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 28.

30. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

31. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

32. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant.

33. Plaintiff also seeks all other relief, at law or in equity, to which she may show himself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;

2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 6th day of April 2023.

                                    Respectfully submitted,

                                    ABBIE SANDERS, PLAINTIFF

                                  By: /s Louis H. Watson, Jr.
                                       LOUIS H. WATSON, JR. (MB# 9053)
                                       NICK NORRIS (MB# 101574)
                                       Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com